IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M. CASEY,
DOC # 139647,

    Plaintiff,

vs.                                                       Case No.  4:24cv188-MW-MAF

RICKY DIXON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pro se Plaintiff Brian Casey is a prisoner in the Florida Department of Corrections. Plaintiff has been granted in forma pauperis status due to allegations that he is "under imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g). ECF No. 10. Service of Plaintiff's § 1983 civil rights complaint, ECF No. 1, was directed on June 18, 2024. ECF No. 14. Because Defendant was served with process on June 27, 2024, ECF No. 17, an answer or other response to the complaint is due from the Defendant by August 26, 2024.

On July 22, 2024, Plaintiff filed several documents. ECF Nos. 20-24. As an initial observation, Plaintiff's filings suggest that he is intentionally

creating delay in this litigation and is not interested in seeking a remedy for "imminent danger." Plaintiff is demonstrating that litigation is a hobby, not a method to obtain justice.

First, Plaintiff filed a notice of filing an amended complaint. ECF No. 20. Plaintiff asserts his right to do so before a response is filed. *Id.* While Rule 15 permits a party to "amend its pleading once as a matter of course," the amendment must still comply with the Rules of this Court. Local Rule 5.7 provides that a complaint "must not exceed 25 pages, unless the Court authorizes it." N.D. Fla. Loc. R. 5.7(B). Plaintiff is not authorized to exceed that limit and his proposed amended complaint, ECF No. 21, is 36 pages in length.

Because Plaintiff includes factual allegations about events from 2014, there is no need to permit Plaintiff to proceed with the amended complaint. His complaint must be limited to 25 pages and those recent events which support his claim of "imminent danger." As a "three striker," Plaintiff is not permitted to raise any and all claims he desires to litigate in this case.

Notably, Plaintiff simultaneously filed the proposed amended complaint, ECF No. 21, with his notice, ECF No. 20. Both documents were signed on July 15, 2024, and postmarked July 17, 2024. ECF No. 21 at 13,

37. ECF No. 20 at 1-2.  On the same day those documents were filed, two additional documents were received from Plaintiff - a motion for leave to file a supplemental complaint, ECF No. 23, and the proposed supplemental complaint, ECF No. 24.  Plaintiff signed those documents on July 17, 2024, and they were postmarked that same day.

It is a waste of time and resources to simultaneously submit two amended pleadings at the same time.  If it were truly necessary to amend the complaint, one amended pleading should have been sufficient.

Furthermore, a supplemental pleading may be used to set forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Plaintiff is not, however, seeking to supplement his complaint against Defendant Dixon and present factual allegations of recent actions taken by the Secretary. Instead, Plaintiff is seeking to add new claims against new Defendants which are unrelated to the claims asserted initially against Defendant Dixon; that is not the purpose of a supplemental pleading.

Moreover, if events transpired in the two days since Plaintiff drafted his amended complaint, Plaintiff faces another problem - those events cannot proceed in this litigation because it would be impossible for Plaintiff

to have exhausted administrative remedies concerning those events. The ability to supplement or amend a pleading does not obliterate the requirement that a prisoner first present his complaint to prison officials and exhaust administrative remedies. 42 U.S.C. § 1997e(a).

Additionally, Plaintiff's proposed supplemental complaint seeks to add claims against three persons at Wakulla Correctional Institution. ECF No. 23 at 1. Plaintiff states that he is seeking to bring a claim of retaliation against those individuals. *Id.* If Plaintiff contends that the recent actions of Defendants Rummel, Todd, and Vice[1] have violated his rights and subject him to "imminent danger," Plaintiff should be required to initiate a new lawsuit which is limited to his claims against those Defendants. Plaintiff should not be permitted to vastly expand this case by adding claims against persons who were not initially named as Defendants in this case. Review of the supplemental pleading reveals that Plaintiff is seeking to take this case in an entirely different direction and has no longer alleged facts to support his claim against Defendant Dixon. Initially, Plaintiff presented only

---

[1] It has not gone unnoticed that Plaintiff's request to file a supplemental pleading advised that Plaintiff wanted to add claims against "Warden Rummel, Captain Todd and Nurse Handcock." ECF No. 23 at 1. Plaintiff's proposed supplement does not name the Nurse as a Defendant but, instead, names mail room employee Vice. *See* ECF No. 24 at 1-3.

a Fourteenth Amendment claim against Defendant Dixon for creating a policy which fails to protect him from harm. ECF No. 1 at 24. That is no longer the case with the proposed supplemental pleading. There, he seeks to bring claims concerning mail services, a protection management transfer, medical treatment, an ADA claim, retaliation, and interfering with Plaintiff's access to the court. ECF No. 24 at 20-23.

The proposed pleading also violates Federal Rule of Civil Procedure 20 in that the claims against the new Defendants do not involve a "question of law or fact" which is common to all Defendants, nor do Plaintiff's claims arise "out of the same transaction or occurrence. Fed. R. Civ. P. 20(a)(2). These are separate claims, issues, and facts which must proceed in a separate case.

Finally, Plaintiff also filed an amended motion for preliminary injunction.[2] ECF No. 22. The basis for Plaintiff's motion is to obtain an order directing a "protective management transfer and medical treatment." *Id.* at 1. Plaintiff relies upon the supplemental complaint and the addition of Nurse Handcock to support his motion. *Id.* Indeed, the overwhelming

---

[2] Still pending in this case is Plaintiff's initial motion for preliminary injunction. ECF No. 4. Ruling on that motion has been deferred pending the Defendant's filing of an answer or other response to Plaintiff's complaint, ECF No. 1.

majority of allegations within the motion concern medical issues. However, Plaintiff's initial complaint does not challenge the provision of medical care, or the denial of medical care for a serious medical need. Thus, the amended motion for a preliminary injunction, ECF No. 22, should be denied because it was not appropriately filed in this case. This is not a case about medical care; it is a case about protection. *See* ECF No. 1 at 25.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file a supplemental complaint, ECF No. 23, be **DENIED**, that Plaintiff's amended complaint, ECF No. 21, be **REJECTED** because he did not obtain leave of Court to exceed the page limit, that Plaintiff be required to proceed with his initial complaint, ECF No. 1, against Defendant Dixon, and the amended motion for a preliminary injunction, ECF No. 22, be **DENIED**. It is also **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2024.

                         S/   Martin A. Fitzpatrick
                         **MARTIN A. FITZPATRICK**
                         **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:24cv188-MW-MAF